IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VIRGIL D. WHITE,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:07-CV-172-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Virgil D. White, TDCJ-ID #545397, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 14, 1990, a jury found White guilty of attempt to commit murder in cause number 0348028D in the 213th District Court of Tarrant County, Texas. On March 15, 1990, the trial court found the enhancement paragraphs in the indictment true and assessed White's punishment at seventy-five years' confinement. (Transcript at 73.) Subsequently, the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 28, 1992, the Texas Court of Criminal Appeals refused White's petition for discretionary review. *White v. Texas*, No. 2-90-094-CR, slip op. (Tex. App.– Fort Worth Sep. 11, 1991) (not designated for publication); *White v. Texas*, PDR No. 836-92. White did not seek writ of certiorari. (Petition at 3.) He filed a state application for writ of habeas corpus, raising the claims presented herein, on February 20, 2004, which was denied without written order by the Texas Court of Criminal Appeals on March 29, 2006. *Ex parte White*, Application No. 62,622-01. The United States Supreme Court denied certiorari on October 2, 2006. (Petition at 3.) White filed this petition on January 8, 2007.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which White has replied.

D.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the Act), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Petitioners attacking convictions which became final before the effective date of the Act have one year from the effective date of the Act to file a federal habeas corpus action. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Because the state court's 1990 judgment of conviction became final prior to the effective date of the Act, White's federal petition for habeas relief challenging his conviction was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. White's state habeas application filed on February 20, 2004, after the federal limitations period had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

  White argues that it was necessary for him to first exhaust direct review as well as his state

3

postconviction habeas remedy, upon which there is no time limitations imposed by Texas law, before filing his federal petition. (Pet'r Reply at 3.) Under this premise, White asserts that the federal limitations period did not start until the Texas Court of Criminal Appeals denied his state habeas application on March 29, 2006, or the date he received notice of the denial on April 5, 2006. (*Id.*) However, the fact that there is no defined time limit on bringing state habeas applications is irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A). The mere existence of an application for state habeas relief does not prevent the one-year limitation period from beginning until the state habeas application is finally decided. *See Flanagan*, 154 F.3d at 199 n.1. Although White would have been entitled to tolling during the pendency of his state habeas application if it had been filed within the federal limitations period, as noted above, his state application was filed after limitations had expired. It is well settled in the Fifth Circuit that the tolling provision in § 2244(d)(2) does not apply to a state habeas application filed *after* the federal limitations period had already expired. *See Scott*, 227 F.3d at 263. A prisoner cannot revive an expired limitation period by simply filing a state habeas application in conformity with basic procedural requirements. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Although White makes the argument, he has not demonstrated that the limitations period was triggered under § 2244(d)(1)(B)[2] or that he is entitled to equitable tolling of the limitations period, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine of equitable tolling is generally appropriate in two distinct

---

[2] White asserts that he did not learn until July 28, 2003, that the trial judge had failed to take the oath of office to sit as judge in the trial court. (Pet'r Memorandum at 5.) However, with due diligence, this fact could have been discovered at the time of his trial or shortly thereafter.

4

situations: where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See id.*; *Coleman v. Johnson*, 148 F.3d 398, 402 (5th Cir. 1999). Further, in order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

White asserts that, although diligent in his efforts, his delay was due to delayed notice by his counsel of state court decisions and the extreme hardships faced by incarcerated persons on a daily basis, such as overcrowding, an 8-12 hour work day, restricted assess to the law library, and lock-downs. (Pet'r Reply at 4-5.) Largely, however, these are common problems among inmates who are trying to pursue postconviction habeas relief and do not justify equitable tolling. Contrary to White's assertion, a fourteen-year delay does not represent due diligence on his part. Nor has he shown he was actively misled about the filing of his federal habeas petition or that he was prevented in some extraordinary way from asserting his rights.

White's federal petition filed on January 8, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

White's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

5

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 4, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 4, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 14, 2007.

                                          /s/   Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE